UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DINESH S.,

               Petitioner,

     v.

CHRISTOPHER CHESTNUT; et al.,

               Respondents.

No. 1:26-cv-01717-TLN-EFB

A # 242-269-509

**ORDER**

This matter is before the Court on Petitioner Dinesh S.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2). On March 5, 2026, Respondents filed a consolidated Response to Petition for Writ of Habeas Corpus, Opposition to Preliminary Injunction, and Opposition to TRO. (ECF No. 6.) Petitioner filed a reply. (ECF No. 8.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

///

///

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States without inspection on November 18, 2023.  (ECF No. 1 at 4.)  He has resided in this country continuously since then.  (*Id.*)

On November 29, 2024, Petitioner was arrested by the Marysville Police Department. (ECF No. 6-1).  It is unclear whether or how long Petitioner was detained after the arrest but based on the fact of his subsequent immigration arrest, the record indicates that at some point local authorities released him.  No charges were brought against Petitioner, and he has no criminal record.  (ECF No. 8 at 1, 6–11.)

On February 26, 2025, Petitioner was arrested by immigration authorities in Sacramento, California.  (ECF No. 1 at 5; ECF No. 6 at 2.)  That same day, the Government issued a warrant for Petitioner's arrest pursuant to § 236 of the INA.  (ECF No. 6-2.)  Petitioner was eventually transferred to the California City Detention Facility.  (ECF No. 1 at 4–5.)  Petitioner requested a bond hearing on two occasions but was denied.  (*Id.* at 3.)  As of the date of this Order, Petitioner has remained in immigration detention without a bond hearing for approximately one year and two months.  (*Id.* at 4.)

On March 2, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (*Id.* at 1.)  Petitioner challenges the lawfulness of his civil detention and seeks immediate release.  (*Id.* at 6.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   ANALYSIS

Petitioner claims his detention violates the Immigration and Nationality Act ("INA"). (ECF No. 1 at 6.)  He argues that his detention is governed by 8 U.S.C. § 1226(a) ("§ 1226(a)"), and under that statute he is entitled to a bond hearing – a request that was denied twice.  (*Id.*)  In opposition, Respondents contend Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  (ECF No. 6 at 2–3.)  Respondents request that if the Court is inclined to grant injunctive relief, the appropriate remedy is a bond hearing under § 1226(a), not immediate release.  (*Id.* at 3–4.)

Section 1226(a) of the INA "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Section 1226(a) affords the Government broad discretion whether to release or detain the individual. *Id.*  It also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.  Conversely, § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).  Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

The Court is not persuaded by Respondents' assertion that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2) for two reasons.  First, courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2). *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3 (E.D. Cal. Dec. 9, 2025); *Armando Modesto Estrada-*

*Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at \*4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at \*8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at \*4 (E.D. Cal. Sept. 23, 2025) (collecting cases). Respondents put forth no new arguments or facts justifying reconsideration in this case.

Second, Petitioner was arrested on a warrant made pursuant to § 236 of the INA, which is codified by § 1226. (ECF No. 6-2.) Because the authority for Petitioner's detention comes from § 1226, it follows that his detention is not governed by § 1225(b)(2) as §§ 1225 and 1226 cannot be applied simultaneously. *Salcedo Aceros*, 2025 WL 2637503, at \*8. Respondents make no claim that Petitioner is detained under § 1226(c). (*See generally* ECF No. 6.) The authority for Petitioner's detention must therefore derive from § 1226(a).

For these reasons and consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2). Petitioner's detention is instead governed by § 1226(a) and he is entitled to the process so required including, at a minimum, a bond hearing. Having been denied this statutorily mandated process for approximately one year and two months, Petitioner's detention violates § 1226(a) of the INA.

The appropriate relief in this case is immediate release. "Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi*, 542 U.S. at 536); *see Preiser*, 411 U.S. at 484 ("the traditional function of the writ is to secure release from illegal custody.");

4

*Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023) ("the history of habeas corpus demonstrates why release from confinement is the only available remedy for claims at the writ's core[.]").  It has been clear since ICE arrested Petitioner on a warrant pursuant to § 236 of the INA that the Government's authority for his detention derives from § 1226(a), not § 1225(b)(2). Yet, the Government deprived Petitioner of the process owed him under that statute for nearly one year and two months.  The Court declines to allow the Government to use § 1226(a) for its detention authority but not its protections.  The appropriate remedy for this violation is not to bring the Government into conformity with its governing statutes; it is to release Petitioner from unlawful custody.  *See Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D.W. Va. Feb. 4, 2026) (ordering release and rejecting the Government's argument that a bond hearing is the appropriate remedy).

### IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1.      Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2.      Petitioner's Motion for TRO (ECF No. 2) is DENIED as moot.

3.      Respondents must IMMEDIATELY RELEASE Petitioner (A # 242-269-509) from custody under the same conditions he was released prior to his current detention.  *See Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (status quo ante is "the last uncontested status which preceded the pending controversy.").  At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.  **Respondents must file a notice certifying compliance with this provision of the Court's Order by within two (2) court days from the date of this Order.**

4.      Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days'

notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

5. The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: April 15, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE